785 F.2d 310
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
RONALD E. STEWART; ROY MARTIN; JAMES BOLDEN, Plaintiffs-Appellees,
v.
JAMES RHODES; GEORGE DENTON; T. E. HASKINS; NEAL KETTE;
DAVID McKEEN; ROGER OVERBERG; DOROTHY ARN; ARNOLD
JAGO; TED ENGLE; WILLIAM H. DALLMAN; E.
P. PERINI; FRANK GRAY,
Respondents-Appellants.
 85-3151
 United States Court of Appeals, Sixth Circuit.
 1/14/86
 
 Before: ENGEL and MILBURN, Circuit Judges; and WOODS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendants appeal the order entered in the United States District Court for the Southern District of Ohio awarding attorneys' fees for work performed by plaintiffs' counsel in the compliance phase of this prisoner's civil rights action. This action was commenced in 1978 by several inmates at the Columbus Correctional Facility (CCF) on behalf of all persons incarcerated at the prison. The inmates alleged that prison officials unlawfully segregated prisoners by race, used impermissible methods of physical restraint, and challenged other alleged unconstitutional conditions of their confinement. The prisoners sought declaratory and injunctive relief.
 
 
 2
 On July 13, 1979, the district court issued a preliminary injunction prohibiting the further use of physical restraints and the segregation of prisoners by race. In December, 1979, the parties signed a comprehensive consent decree controlling virtually every aspect of prison conditions at CCF as they relate to the inmates. After entry of the consent decree, plaintiffs' counsel moved for an award of attorneys' fees. The district court granted fees in the amount of $117,020.34 for approximately 1,850 hours of work. The district court's award was upheld by this court in Stewart v. Rhodes, 656 F.2d 1216 (1981), cert. denied, 455 U.S. 991 (1982), which held under Northcross v. Bd. of Education of Memphis City Schools, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911 (1980), that the district court's award of fees did not constitute an abuse of discretion.
 
 
 3
 The breadth of the consent decree ran from enjoining prison officials from refusing to develop indoor and outdoor recreational activities to enjoining them from refusing to provide psychiatric care. It covered sanitation and hygiene, the maintenance of heating, ventiliation, lighting, plumbing, and water systems, fire safety, medical care, disciplinary procedures, and the treatment of newly received prisoners. The consent decree included a timetable for phasing out double-celling and, most significantly, it included a timetable for closing CCF altogether. See Consent Decree, Sec. I (Jt. App. at A 711).
 
 
 4
 This appeal concerns fees awarded by the district court on the basis of the report and recommendation of two Special Masters for work performed between December 12, 1979 and October 28, 1983 by five attorneys from the American Civil Liberties Union of Ohio and the Legal Aid Society of Columbus. On September 17, 1984, the Special Masters filed a recommendation to the district court that attorneys' fees be awarded totaling $107,336.80. On January 17, 1985, Judge Robert M. Duncan issued an order adopting the Master's recommendation in full. The defendants argue on appeal that the district court improperly applied the standards for awarding attorneys' fees contained in Blum v. Stenson, ---- U.S. ----, 104 S. Ct. 1541 (1984), and Hensley v. Eckerhart, 461 U.S. 424 (1983).
 
 
 5
 The award of attorneys' fees ultimately approved by the district court came only after an extensive evidentiary hearing had been held before the Special Master and had been thoroughly reviewed by the same district judge who was intimately familiar with the nature and extent of the underlying litigation. While each of the appellant's allegations had been vigorously argued in the briefs and before us in oral argument, we find from an examination of the record as a whole that the determinations made by the Special Master and approved by the district court are supported by substantial and credible evidence, and we are unwilling to substitute our judgment for that of the district court.
 
 
 6
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable George E. Woods, United States District Court for the Eastern District of Michigan, sitting by designation